IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CAROLINA RECORDING SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CARY DAVID POSEY, and CRS, LLC, formerly known as Communication Recording Solutions, LLC<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Carolina Recording Systems, LLC ("Carolina Recording" or "Plaintiff"), and for its Complaint against Cary David Posey ("Posey") and CRS, LLC, formerly known as Communication Recording Solutions, LLC ("Recording Solutions") (collectively, Posey and Recording Solutions are sometimes referred to as the "Defendants"), states as follows:

## PARTIES

1. Carolina Recording is a limited liability company organized under the laws of the State of North Carolina and has its principal place of business located at 200 Dalton Ave., Suite B, Charlotte, North Carolina 28206-3438.

2. Posey is an individual and a citizen of West Virginia with a residence address of 612 Schrader Avenue, Wheeling, West Virginia 26003.

3. Recording Solutions is a limited liability company organized under the laws of the State of West Virginia and has its principal place of business located at 612 Schrader Avenue, Wheeling, West Virginia 26003.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) based on Plaintiff's claims arising under the United States Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* This Court has supplemental jurisdiction over the subject matter of the remaining causes of action pursuant to 28 U.S.C. § 1367, because they are so related to Plaintiff's claim that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court also has jurisdiction over the subject matter of this action based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332(a) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and this controversy is between citizens of different states. Pursuant to 28 U.S.C. § 1332(c)(1), Carolina Recording is a citizen of North Carolina, and the defendants, Posey and Recording Solutions, are both West Virginia citizens.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391(b) because a substantial portion of the events or omissions giving rise to the claims alleged herein occurred, in whole or in part, in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. Carolina Recording is a leading installer and servicer of data recording hardware and software in the communications recording industry.

8. Carolina Recording has been involved in the communications recording business in South Carolina, North Carolina, Virginia, and Tennessee since 2004, previously as Carolina Recording Systems, Inc., and since 2011 in West Virginia.

9. Carolina Recording purchased the assets of Carolina Recording Systems, Inc. in or around February 1, 2014, which included all customer accounts, customer lists, goodwill,

intellectual property, and other tangible and intangible assets. The sale of the business assets included the sole right to use the name "Carolina Recording Systems" and derivations thereof.

10.  Carolina Recording's reputation and advertising efforts have made it a common name in emergency call centers throughout West Virginia and North Carolina, among other States, and it has earned wide-spread recognition as a quality installer and servicer for communications recording equipment.

11.  Carolina Recording operates in a competitive market. Accordingly, Carolina Recording depends on its ability to maintain the secrecy of its pricing information, cost information and other confidential, proprietary and trade secret information, including its proposals, bids and quotes to customers and prospective customers, internal cost, time estimates for projects, billing rates, customer lists, and private information about the people and companies with whom Carolina Recording does business.

12.  The value of Carolina Recording's confidential, proprietary and trade secret information lies in its exclusive use by Carolina Recording and its sales consultants.

13.  From May 2, 2012 to February 24, 2017, Defendant Recording Solutions operated under the name of Communication Recording Solutions LLC.

14.  On or around June 2015, Posey, by and through Recording Solutions, began acting as an independent sales consultant representing Carolina Recording's services to businesses and county and state agencies located primarily in West Virginia and Pennsylvania, whereby Posey would introduce customers to Carolina Recording and provide quotes on behalf of Carolina Recording for the sale, installation, and servicing of hardware and software (the "Equipment") to users of recording systems utilized in emergency response and other types of call centers.

15. Pursuant to their arrangement, Carolina Recording provided Posey and Recording Solutions access to its confidential, proprietary, and trade secret information so that Posey and Recording Solutions could communicate with potential customers and properly evaluate, design, and price the necessary hardware, software, and services needed.

16. At all times relevant to the allegations contained in this Complaint, Carolina Recording and Defendants operated under an oral agreement whereby Carolina Recording agreed to pay Defendants a share of Carolina Recording's gross profit related to the sale of the Equipment arranged by Defendants on behalf of Carolina Recording (the "Gross Profit") and a share of the annual maintenance revenues for accounts located in West Virginia (the "Agreement").

17. Pursuant to the Agreement, Defendants received 50% to 75% of the Gross Profit depending on the involvement of Carolina Recording or the complexity of the sale, and 25% of the annual maintenance revenues, while Carolina Recording was entitled to all the installation and one-time service fees.

18. Carolina Recording attempted to memorialize the terms of the Agreement in a letter to Posey and Recording Solutions dated June 1, 2015, and sent to Defendants by email on May 26, 2015 (the "Proposed Agreement"). True copies of the email and letter are attached hereto and made a part hereof collectively as **Exhibit A.**

19. The Proposed Agreement lapsed due to Defendants' failure to timely execute the Proposed Agreement.

20. Upon Defendants' failure to timely execute the Proposed Agreement, Carolina Recording and Defendants continued to operate under the terms of the oral Agreement as set forth above and made payments to Recording Solutions and Posey in excess of $380,000 in accordance with the oral Agreement over the course of several years.

21. On February 24, 2017, Recording Solutions changed its name from Communication Recording Solutions LLC to CRS LLC.

22. Carolina Recording is informed and believes, and based on such information and belief alleges, that Recording Solutions hired its own technician in or around 2018 to provide maintenance services that, pursuant to the Agreement, were designated solely for Carolina Recording, and started collecting payments from Carolina Recording's West Virginia customers without complying with the terms of the Agreement.

23. In an attempt to reach an amicable termination of the parties relationship, and after several months of negotiations, Carolina Recording proposed to Defendants certain terms and conditions whereby Defendants would pay the amounts owed to Carolina Recording, cease infringing upon Carolina Recording's trademark, and wind up the parties' business relationship.

24. Notwithstanding Carolina Recording's good faith attempts to reach an amicable agreement to terminate their business relationship, on or about January 9, 2019, Defendants provided a copy of the Proposed Agreement to Carolina Recording that was executed by Posey, individually, and on behalf of Recording Solutions, nearly four (4) years after the Proposed Agreement was presented to the Defendants.

25. In or around January 2019, Defendants began informing Carolina Recording's West Virginia customers that Defendants would no longer be using Carolina Recording to provide services. *See* email dated January 23, 2019 attached hereto and made a part hereof as **Exhibit B**.

26. In or around January 2019, Defendants began directing Carolina Recording's West Virginia customers to start sending correspondence to the address of Recording Solutions rather than the address for Carolina Recording. *See* letter dated January 18, 2019 attached hereto and made a part hereof as **Exhibit C**.

27. Carolina Recording is informed and believes, and based on such information and belief alleges, that Defendants have charged Carolina Recording's customers rates for installation and services higher than those reported to Carolina Recording, thus preventing Carolina Recording from collecting its full portion of the Gross Profits.

28. Carolina Recording is informed and believes, and based on such information and belief alleges, that Defendants have entered into annual maintenance agreements with existing Carolina Recording customers without informing Carolina Recording, thus preventing Carolina Recording from collecting its share of the annual maintenance revenues.

29. At the time of filing this Complaint, Defendants owe Carolina Recording a sum in excess of $135,000.00, representing Carolina Recording's share of the annual maintenance revenues, profit share, and costs collected by Defendants on behalf of Carolina Recording.

30. Notwithstanding the long use by Carolina Recording of its trademark of "CRS" and its logo of a swooshing "C," Defendants are offering the same type of services, and are using the same name ("CRS") and logo (a swooshing "C") associated with the services provided by Carolina Recording.

31. Recording Solutions holds itself out as "a leader in sales and service of voice and data recording solutions throughout the Mid-Atlantic and Southeastern United States." https://www.gotcrs.com/about-us (last accessed September 24, 2019).

32. Carolina Recording, and its predecessors, has been using the acronym of its name "CRS" and its logo of a swooshing "C," since 2011 in West Virginia and the Southeastern United States, to identify itself and the services it provides. *See* redacted copies of emails and customer quotes attached hereto and made a part hereof collectively as **Exhibit D**.

33. At all times relevant to the allegations contained in this Complaint, Posey and Recording Solutions were aware of Carolina Recording's use of the identifying mark and/or logo.

## FIRST CAUSE OF ACTION
### (Injunctive Relief Under the Defend Trade Secrets Act of 2016)

34. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

35. Confidential and proprietary information is protected from public disclosure under the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1831 – 1839 (the "DTSA").

36. The DTSA provides an owner of a trade secret that is misappropriated with a private cause of action.

37. Carolina Recording compiled the trade secret information, including but not limited to the information identified above (the "Trade Secret Information"), over many years and at great expense.

38. The Trade Secret Information is not generally known or available to the public, and it is not readily ascertainable by other means.

39. The Trade Secret Information provides Carolina Recording with a competitive advantage in the marketplace.

40. Carolina Recording's Trade Secret Information is a "trade secret" under the DTSA.

41. Defendants acquired knowledge of Carolina Recording's Trade Secret Information in their capacity as independent sales consultants, and thus owed and continue to owe Carolina Recording a duty to maintain the secrecy of such information.

42. Defendants' actions in converting and misappropriating Carolina Recording's Trade Secret Information for their own gain are willful, wanton, and malicious, and are taken with reckless disregard for Carolina Recording's rights.

43. As a direct and proximate result of Defendants' misappropriation and threatened misappropriation of Carolina Recording's Trade Secret Information, Carolina Recording will suffer immediate and on-going injuries including the loss and potential loss of clients, its competitive advantage, and its trade secrets.

44. Defendants' actions are affecting Carolina Recording's goodwill, reputation and its ability to compete in the marketplace.

45. Carolina Recording is without an adequate remedy, and will suffer irreparable harm by the aforesaid misappropriation of the Trade Secret Information, unless it is granted injunctive relief pursuant to the DTSA.

46. Defendants' actions have caused and will continue to cause damages in and amount which will later be determined at trial.

## SECOND CAUSE OF ACTION
### (Injunctive Relief Under the West Virginia Uniform Trade Secrets Act)

47. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

48. In addition to the protections afforded by the DTSA to prevent the misappropriation of Carolina Recording's Trade Secret Information, Carolina Recording asserts a cause of action for the misappropriation and threatened misappropriation of its Trade Secret Information under the Uniform Trade Secrets Act ("UTSA"), W. Va. Code §§ 47-22-1 *et seq.*

49. Carolina Recording's Trade Secret Information is a "trade secret" under the West Virginia UTSA.

50. Defendants acquired knowledge of Carolina Recording's Trade Secret Information in their capacity as Carolina Recording's sales consultants, and thus owed and continue to owe Carolina Recording a duty to maintain the secrecy of such information.

51. Carolina Recording is informed and believes, and therefore alleges, that Defendants have used and threaten to use Carolina Recording's Trade Secret Information in their dealings with Carolina Recording's customers and potential customers in West Virginia, and, thus, have misappropriated Carolina Recording's Trade Secret Information without Carolina Recording's consent in violation of the West Virginia UTSA.

52. As a direct and proximate result of Defendants' violation of the West Virginia UTSA, Carolina Recording will suffer immediate and on-going injuries including the loss and potential loss of clients, its competitive advantage, and its trade secrets.

53. Defendants' actions in converting and misappropriating Carolina Recording's Trade Secret Information for their own gain are willful, wanton, and malicious, and are taken with reckless disregard for Carolina Recording's rights.

54. Defendants' actions have caused and will continue to cause damages in an amount which will later be determined at trial.

55. Carolina Recording is threatened with losing its competitive advantage, its trade secrets and confidential information unless it is granted injunctive relief pursuant to the West Virginia UTSA.

### THIRD CAUSE OF ACTION
### (Common Law Unfair Competition)

56. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

57. Carolina Recording is, and has been, harmed by Recording Solutions' use of the name "CRS" and holding itself out as doing business in the Mid-Atlantic and Southeastern United States due to Carolina Recording's customers mistakenly believing that Recording Solutions is the same provider of the services as Carolina Recording.

58. Recording Solutions is capitalizing on the goodwill and reputation of Carolina Recording.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

59. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

60. Defendants, each of them, breached the oral Agreement by:

   a. offering the same installation and maintenance services to Carolina Recording's existing customers in violation of the Agreement;

   b. failing to pay Carolina Recording its share of the annual maintenance revenue for 2017;

   c. failing to pay Carolina Recording its share of the annual maintenance revenue for 2018;

   d. failing to pay Carolina Recording its share of the Gross Profit from the installation of a new system with the Jefferson County Emergency Communications Center;

   e. failing to inform Carolina Recording of new contracts for annual maintenance with existing customers; and

   f. charging customers more for the installation of Equipment than quoted by Carolina Recording.

61. As a direct and proximate result of Defendants' breach of contract, Carolina Recording has been and will continue to be injured in the following ways: (1) harm to business relationships with customers and prospective customers; (2) harm to proprietary and legitimate business interests, assets, and trade secrets; (3) harm to its reputation and goodwill; (4) loss of customers and/or loss of revenues and profits; and (5) actual damages in excess of $135,000.00 for revenues and profits due and owing from Defendants.

## FIFTH CAUSE OF ACTION
### (Tortious Interference With Existing Contractual Relations)

62. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

63. Upon information and belief, Defendants, and both of them, had actual knowledge of Carolina Recording's contractual relationship with numerous businesses and county and state agencies in West Virginia and Pennsylvania ("Carolina Recording's Customers").

64. Both Defendants have improperly, and without privilege or justification, interfered with Carolina Recording's contractual relationship with Carolina Recording's Customers by inducing or otherwise causing them to enter into agreements with Defendants and to disregard any agreement with Carolina Recording.

65. Defendants' wrongful and improper conduct described herein was intentional, willful, wanton, and/or committed with reckless disregard of Carolina Recording's contractual and common law rights and protected interests.

66. As a proximate result of Posey's and Recording Solutions' tortious interference, Carolina Recording has been and will continue to be injured, in that it has and will continue to suffer: (1) harm to business relationships with customers and prospective customers; (2) harm to proprietary and legitimate business interests, assets, and trade secrets; (3) harm to its reputation and goodwill; and (4) loss of customers and/or loss of revenues and profits.

## SIXTH CAUSE OF ACTION
### (Tortious Interference With Business Relations and Business Expectations)

67. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

68. A business relationship existed between Carolina Recording and Carolina Recording's Customers for which Carolina Recording maintained and serviced their communication recording systems pursuant to an annual maintenance agreement.

69. Carolina Recording had the expectation of future business relations with its regular and prospective customers as Carolina Recording's communications recording business relies on maintaining the systems it installs for its customers.

70. Defendants have interfered with Carolina Recording's reasonable expectation of continuing its business relationships.

71. As a result of Defendants' actions, Carolina Recording has been and will continue to be injured, in that it has and will continue to suffer: (1) harm to business relationships with customers and prospective customers; (2) harm to proprietary and legitimate business interests, assets, and trade secrets; (3) harm to its reputation and goodwill; and (4) loss of customers and/or loss of revenues and profits.

## SEVENTH CAUSE OF ACTION
(Conversion)

72. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

73. Defendants intentionally, willfully and wantonly converted, without permission of Carolina Recording, and for their own use and economic gain, property belonging to Carolina Recording including funds paid to Defendants by Carolina Recording's Customers for services provided by Carolina Recording.

74. Carolina Recording has been and continues to be damaged by Defendants' conversion and use of Carolina Recording's property.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

75. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

76. Carolina Recording has installed Equipment and provided maintenance services on accounts that have already been paid to Defendants.

77. Pursuant to the Agreement, Carolina Recording is entitled to the full costs of installation and a share of the gross profits and annual maintenance revenue. Defendants have received, and continue to receive, payments under these maintenance agreements.

78. Therefore, Defendants' conversion, or potential conversion, of these payments under the maintenance agreements, confers a substantial benefit upon the Defendants.

79. The acceptance or retention by Defendants of the installation fee and costs and the annual maintenance revenue without payment to Carolina Recording for the substantial value thereof would be extremely inequitable under the circumstances.

80. Defendants have been and will continue to be unjustly enriched, while Carolina Recording has been and will continue to be injured, in that it has and will continue to suffer: (1) harm to business relationships with customers and prospective customers; (2) harm to proprietary and legitimate business interests, assets, and trade secrets; (3) harm to its reputation and goodwill; and (4) loss of customers and/or loss of revenues and profits.

## NINTH CAUSE OF ACTION
### (Trademark Infringement Under 15 U.S.C. § 1125(a))

81. Carolina Recording realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

82. Defendants' use of the name "CRS" and/or the accompanying swooshing "C" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Carolina Recording, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Carolina Recording.

83. Defendants' use of the name "CRS" and/or the accompanying swooshing "C" in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its goods, services, or commercial activities.

84. The imitation by Defendants of Carolina Recording's trademark is calculated to deceive the purchasers and consumers of Carolina Recording's services and has misled, and still misleads, many of them to purchase services offered by Recording Solutions in the belief that it is purchasing services from Carolina Recording and receiving Carolina Recording's expertise.

85. Carolina Recording has been, and is likely to be, damaged by Defendants' actions.

WHEREFORE, the Plaintiff, Carolina Recording Systems, LLC respectfully requests the Court to enter judgment against Defendants, Cary David Posey and CRS, LLC, jointly and severally, awarding the following relief:

1. An award of compensatory damages in an amount not presently ascertained with certainty but in excess of $135,000.00;

2. An award of exemplary or punitive damages in an amount sufficient to deter the wrongful conduct of Defendants;

3. Preliminary and permanent injunctive relief prohibiting Defendants from continuing their unlawful actions, including offering installation and maintenance of communication recording hardware and software under the trademark "CRS" and/or the swooshing "C" logo;

4. That Defendants account for and pay over to Plaintiff all the profits realized by Defendants from the sale of its installation and maintenance services offered under the trademark "CRS" and/or the swooshing "C" logo;

5. An award of costs and attorneys' fees expended in this litigation; and

6. Any and all other relief to which, under the facts and relevant law, Plaintiff may be entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted this 24th day of September, 2019.

JOHNSTON, ALLISON & HORD, P.A.

s/Martin L. White
Martin L. White, NC State Bar No. 23330
mwhite@jahlaw.com
David E. Stevens, NC State Bar No. 54706
dstevens@jahlaw.com
1065 East Morehead Street
Charlotte, NC  28204
Telephone No:  (704) 332-1181
Facsimile No.:  (704) 376-1628
*Attorneys for Plaintiff*
*Carolina Recording Systems, LLC*